AO 247 (NC/W 03/08)   Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| CALVIN LAFAYETTE DUBOYD | ) | Case No: 1:00CR09-05 |
|  | ) | USM No: 15777-058 |
| Date of Previous Judgment: 12/13/2000 | ) | Claire J. Rauscher |
| (Use Date of Last Amended Judgment if Applicable) | ) | Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ■ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
■ **DENIED.** ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____ .

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

| | | | | |
|---|---|---|---|---|
| Previous Offense Level: | 35 | Amended Offense Level: | 33 | |
| Criminal History Category: | IV | Criminal History Category: | IV | |
| Previous Guideline Range: | 235 to 293 months | Amended Guideline Range: | 188 to 235 months | |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
■ Other (explain):   The Court finds that the defendant is subject to the 2007 retroactive Crack Cocaine Amendment and therefore, eligible for a sentence reduction. Consistent with 18 U.S.C. § 3582(c)(2), the Court considered the factors set forth in 18 U.S.C. § 3553(a), as well as public safety and post-sentence conduct. Based on these factors the Court finds that a reduction of the defendant's sentence would not accomplish the goals of sentencing.

**III. ADDITIONAL COMMENTS**

The defendant has a long criminal history including numerous drug and violent offenses. He has had two disciplinary actions while in custody, one of which was for the use of drugs. The defendant declined to participate in the Residential Drug Treatment Program while in custody and had a serious substance abuse problem prior to his arrest in the case. The defendant's original sentence was less than half of the original guideline range, so he received a significant reduction for his cooperation.

Except as provided above, all provisions of the judgment dated 12/13/2000 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: May 5, 2008

Signed: May 5, 2008

Effective Date: _____
(if different from order date)

Lacy H. Thornburg
United States District Judge